Nott, J.,
delivered tlie opinion of the court:
The claimant was an assessor of internal reven ae for .the District of Columbia for the fiscal year ending Jane 30, 1867. His compensation was in part the salary of the office and in part commissions on collections of assessments. Upon these different items of compensation he claims to recover an additional allowance of twenty per cent, under the Twenty per cent. Resolution February 28, 1867, (14 Stat. L., p. 569.)
The case is identical with that of Marche, (5 C. Cls. R., p. 525,) where it was held that the office óf assistant assessor of internal revenue for the District of Columbia is not within the terms of the resolution. The recent decisions of the Supreme Court in what are known as the Twenty per cent. Cases, (7 C. Cls. R., pp. 290-294,) upon the faith of which this case is brought, do not extend to the question of what Departments or Bureaus are embraced by the resolution, but merely to the question as to what employés of a Department or Bureau, conceded to be within the terms of the resolution, are entitled to its benefits. Huntington’s Case, (8 C. Cls. R., p. .) Consequently the decisions of the Supreme Court leave the former ruling of this court in Marche’s Case unquestioned, and applicable to the case before us. We do not entertain any doubts now upon the subject, and think, as before, that the claimant, as assessor, was merely employed in one of the internal revenue districts into which the whole country is divided; that the fact of his district coinciding to some extent with the city of Washington was an accident, and that the functions of his office did not lie within the Treasury Department, at the seat of the Government, within the meaning of the resolution, any more than any other assessor in the country.
The judgment of the court is that the petition be dismissed.
Loring, J., did not sit in this case, and took no part in the decision.